UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD BISCHEL,**

    **Plaintiff,**

v.                                                                                    Case No:

**ADT LLC**,

    **Defendant.**                                                  **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **RICHARD BISCHEL** ("Mr. Bischel" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, ADT LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1.   This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by: a.) using an automatic telephone dialing system or automated voice or prerecorded message to call Mr. Bischel's Cellular Telephone after Mr. Bischel demanded that Defendant stop calling his Cellular Telephone, b.) directly emailing and calling Mr. Bischel in attempts to collect such alleged Debt when Defendant knew Mr.

Bischel was represented by counsel with respect to such alleged Debt, and c.) misrepresenting the legal right to demand full payment from Mr. Bischel despite Defendant's knowledge that Mr. Bischel had filed for Chapter 13 Bankruptcy relief, which can all reasonably be expected to harass Mr. Bischel.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Mr. Bischel, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Mr. Bischel is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 727-***-7511 ("Mr. Bischel's Cellular Telephone").

6. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of FL and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

*Statements of Fact*

7. In or around May of 2017, Mr. Bischel opened a personal home security services account with Defendant ("Account").

8. Sometime thereafter, Mr. Bischel encountered financial difficulties and fell behind on his payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

9. On or around September, 24, 2018, Mr. Bischel filed for Chapter 13 bankruptcy relief in the Middle District of Florida Bankruptcy Court ("Bankruptcy Case"). *See* M.D. Fla. Case No: 8:18-bk-08081-RCT.

10. Plaintiff's Bankruptcy Case petition identified his counsel's name and contact information, which notified all of Mr. Bischel's creditors, including Defendant, that Mr. Bischel was represented by counsel with respect to all debts.

11. Mr. Bischel included the Account in the Bankruptcy Case.

12. On October 3, 2018, the Notice of Filing in regards to the Bankruptcy Case was sent out to all creditors, including Defendant. *See* **Exhibit A.**

13. Despite having knowledge that Mr. Bischel had included the Account in his Bankruptcy Case and was represented by counsel with respect to the Debt, on November 10, 2018, Defendant directly emailed Mr. Bischel in connection with collection of the Debt by demanding payment of $69.09 with a due date of November 29, 2018 and providing options to make a payment through either a "one-time payment" or "schedule a payment for a future date." *See* **Exhibit B.**

14. Again, on November 17, 2018, Defendant directly emailed Mr. Bischel in connection with collection of the Debt by demanding payment of $130.08 with a due date of December 6, 2018 and providing options to make a payment through either a "one-time payment" or "schedule a payment for a future date." *See* **Exhibit C.**

15. For a third time, on November 19, 2018, Defendant directly emailed Mr. Bischel in connection with collection of the Debt by demanding payment of $65.04 with payment statement that Mr. Bischel's payment was thirty (30) days past due and providing options to make a payment through either a "one-time payment" or "schedule a payment for a future date." *See* **Exhibit D.**

16. In or around December of 2018, Defendant also began placing calls directly to Mr. Bischel's Cellular Telephone in attempts to collect the Debt.

17. For the fourth time, on December 4, 2018, Defendant directly emailed Mr. Bischel in connection with collection of the Debt by demanding payment of $65.with a statement that Mr. Bischel's payment was thirty (30) days past due and providing options to either make a payment through a "one-time payment" or "schedule a payment for a future date." *See* **Exhibit E.**

18. On December 10, 2018, Mr. Bischel spoke with Defendant and told Defendant that Mr. Bischel was in foreclosure and in bankruptcy and demanded that Defendant stop calling his Cellular Telephone.

19. The very next day, on December 11, 2018, Mr. Bischel spoke to Defendant again and demanded that Defendant stop calling his Cellular Telephone for the

second time and provided Defendant with his attorney contact information so Defendant could contact Plaintiff's attorney if Defendant had any further inquiries.

20. Despite Mr. Bischel's demands and having knowledge of Mr. Bischel's attorney name and contact information, Defendant continued to call Mr. Bischell's Cellular Telephone in attempts to collect the Debt.

21. For the fifth time, on December 17, 2018, Defendant directly emailed Mr. Bischel in connection with collection of the Debt by demanding payment of $196.12 with a due date of January 5, 2019 and providing options to make a payment either through a "one-time payment" or "schedule a payment for a future date." *See* **Exhibit F.**

22. For the sixth time, on December 25, 2018, Defendant directly emailed Mr. Bischel in connection with collection of the Debt by demanding payment of $130.08 with a statement that Mr. Bischel's payment is thirty (30) days past due and providing options to make a payment either through a "one-time payment" or "schedule a payment for a future date." *See* **Exhibit G.**

23. For the seventh time, on January 3, 2019, Defendant directly emailed Mr. Bischel in connection with collection of the Debt by demanding payment of $130.08 with a statement that Mr. Bischel's payment was sixty (60) days past due, providing options to make a payment either through a "one-time payment" or "schedule a payment for a future date," and by stating that "this matter requires your immediate attention to current level of 24/7 monitoring." *See* **Exhibit H.**

24. For the eighth time, on January 11, 2019, Defendant directly emailed Mr. Bischel in connection with collection of the Debt by demanding payment of $196.12 with

a statement that Mr. Bischel's payment was sixty (60) days past due, providing options to make a payment either through a "one-time payment" or "schedule a payment for a future date," and by stating that "this matter requires your immediate attention to current level of 24/7 monitoring." *See* **Exhibit I.**

25. On January 22, 2019, Defendant mailed a letter to Plaintiff's attorney that confirmed Defendant had received notice of Mr. Bischel's Bankruptcy Case. *See* **Exhibit J.**

26. Plaintiff's counsel thereafter responded to Defendant's letter and provided the relevant Account number. *See* **Exhibit K.**

27. Despite Defendant's confirmation of the Bankruptcy Case, on February 10, 2019, Defendant directly emailed Mr. Bischel in connection with collection of the Debt by demanding payment of $263.11 with a statement that Mr. Bischel's payment was ninety (90) days past due, by providing options to make a payment either through a "one-time payment" or "schedule a payment for a future date," and by stating that "this matter requires your immediate attention to current level of 24/7 monitoring." *See* **Exhibit L.**

28. Despite Mr. Bischel's demands, Defendant continued to directly place calls to Mr. Bischel's Cellular Telephone and send emails directly to Mr. Bischel in attempts to collect the Debt.

29. Defendant has called Mr. Bischel's Cellular Telephone at least fifty (50) times during the time period from December of 2018 to the present date.

30. Defendant called Mr. Bischel's Cellular Telephone from several different telephone numbers including but not limited to 800-522-2455 and 800-522-2727.

31. All of Defendant's calls to Mr. Bischel's Cellular Telephone were placed in an attempt to collect the Debt.

32. All of Defendant's emails to Mr. Bischel were sent in an attempt to collect the Debt.

33. Defendant has harassed Mr. Bischel due to the timing and frequency of Defendant's calls and emails.

### *Count 1: Violation of the Telephone Consumer Protection Act*

34. Plaintiff re-allege paragraphs 1-33 and incorporates the same herein by reference.

35. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

36. Mr. Bischel revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around December of 2018 when he expressly told Defendant to stop calling him.

37. Despite this revocation of consent, Defendant thereafter called Mr. Bischel's Cellular Telephone at least fifty (50) times.

38. Defendant did not place any emergency calls to Mr. Bischel's Cellular Telephone.

39. Defendant willfully and knowingly placed non-emergency calls to Mr. Bischel's Cellular Telephone.

40. Mr. Bischel knew that Defendant called Mr. Bischel's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

41. Mr. Bischel knew that Defendant called Mr. Bischel's Cellular Telephone using a prerecorded voice because Defendant left Mr. Bischel at least one voicemail using a prerecorded voice.

42. Defendant used an ATDS when it placed at least one call to Mr. Bischel's Cellular Telephone.

43. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Bischel's Cellular Telephone.

44. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Bischel's Cellular Telephone.

45. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Bischel's Cellular Telephone.

46. At least one call that Defendant laced to Mr. Bischel's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

47. At least one call that Defendant placed to Mr. Bischel's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

48. At least one call that Defendant placed to Mr. Bischel's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

49. At least one call that Defendant placed to Mr. Bischel's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

50. At least one call that Defendant placed to Mr. Bischel's Cellular Telephone was made using a prerecorded voice.

51. Defendant has recorded at least one conversation with Mr. Bischel.

52. Defendant has recorded more than one conversation with Mr. Bischel.

53. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Bischel, for its financial gain.

54. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Bischel's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

55. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Bischel, despite individuals like Mr. Bischel revoking any consent that Defendant believes it may have to place such calls.

56. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Bischel's Cellular Telephone.

57. Defendant has corporate policies to abuse and harass consumers like Mr. Bischel.

58. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

59. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

60. Defendant's phone calls harmed Plaintiff by causing him emotional distress.

61. Defendant's phone calls harmed Plaintiff by causing him stress.

62. Defendant's phone calls harmed Plaintiff by causing him anxiety.

63. Defendant's phone calls harmed Plaintiff by causing him aggravation.

64. Defendant's phone calls harmed Plaintiff by causing him annoyance.

65. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

66. Plaintiff re-allege paragraphs 1-33 and incorporates the same herein by reference.

67. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(7) by continuing to call Mr. Bischel's Cellular Telephone after Mr. Bischel demanded that Defendant stop calling him and told Defendant that Mr. Bischel had filed for Bankruptcy, which can reasonably be expected to harass Mr. Bischel.

b. Defendant violated Fla. Stat. § 559.72(7) by continuing to directly email Mr. Bischel despite that Mr. Bischel informing Defendant that Mr. Bischell filed for Bankruptcy

and was represented by counsel and provided his attorney name and contact information, which can reasonably be expected to harass Mr. Bischel.

c. Defendant violated Fla. Stat. § 559.72(18) by contacting Mr. Bischell after the Defendant knew Mr. Bischell was represented by an attorney with respect to the Debt and had knowledge of, or could readily ascertain, such attorney's name and address from the Bankruptcy Case Notice of Filing and Mr. Bischel's notice to Defendant on December 11, 2018.

68. As a result of the above violations of the FCCPA, Mr. Bischel has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

69. Defendant's phone calls harmed Plaintiff by causing him emotional distress.

70. Defendant's phone calls harmed Plaintiff by causing him stress.

71. Defendant's phone calls harmed Plaintiff by causing him anxiety.

72. Defendant's phone calls harmed Plaintiff by causing him aggravation.

73. Defendant's phone calls harmed Plaintiff by causing him annoyance.

74. It has been necessary for Mr. Bischel to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

75. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defenant as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

    e. Ordering an injunction preventing further wrongful contact by the Defendant; and

    f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Richard Bischel, demands a trial by jury on all issues so triable.

Respectfully submitted this **February 27, 2019**,

        */s/ Michael A. Ziegler*
        Michael A. Ziegler, Esq.
        Florida Bar No. 74864
        mike@zieglerlawoffice.com

        */s/ Kaelyn Steinkraus*
        Kaelyn Steinkraus, Esq.
        Florida Bar No. 125132
        kaelyn@zieglerlawoffice.com

        Law Office of Michael A. Ziegler, P.L.
        2561 Nursery Road, Suite A
        Clearwater, FL 33764
        (p)  (727) 538-4188
        (f)  (727) 362-4778
        Attorneys and Trial Counsel for Plaintiff